IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| DAVID BACON INCORPORATED D/B/A | § | |
| D.B.I., and DAVID BACON, INDIVIDUALLY | § | |
| | § | |
| PLAINTIFFS, | § | |
| | § | CASE NO. 20-627 |
| v. | § | |
| | § | |
| PRUITT PRODUCTION SERVICES, INC. | § | |
| | § | JURY TRIAL REQUESTED |
| DEFENDANT. | § | |

## PLAINTIFF'S ORIGINAL COMPLAINT

Plaintiffs, David Bacon Incorporated d/b/a D.B.I. ("DBI") and David Bacon, Individually ("Bacon"), (collectively "Plaintiffs") file this Original Complaint against Defendant Pruitt Production Services, Inc. ("Pruitt Production" or "Defendant") and would show the Court the following:

## I.    PARTIES

1.    Plaintiff David Bacon Incorporated d/b/a D.B.I. is a Texas corporation with its principal place of business at 445 FM 20, Bastrop, Bastrop County, Texas 78602. All pleadings may be served on Plaintiff DBI through its attorney-in-charge, David K. Anderson, Anderson & Cunningham, P.C., Four Houston Center, 1221 Lamar, Suite 1115, Houston, Texas 77010.

2.    Plaintiff David Bacon is an individual with his principal residence in Bastrop, Bastrop County, Texas. All pleadings may be served on Plaintiff Bacon through his attorney-in-charge, David K. Anderson, Anderson & Cunningham, P.C., Four Houston Center, 1221 Lamar, Suite 1115, Houston, Texas 77010.

3.    Defendant Pruitt Production Services, Inc., is a Texas corporation with its principal place of business at P.O. Box 808, 1229 FM 180, Giddings, Lee County, Texas 78942. Pruitt

Production may be served with process through its registered agent for service of process, Jay Pruitt, P.O. Box 808, Giddings, Texas 78942, or wherever he may be found.  An alternative address for the registered agent, Jay Pruitt is 1229 FM 180, Giddings, Texas 78942.  Additionally, and alternatively, if Jay Pruitt cannot be located at either address, then he may be served at his home and residence located at 991 Acorn Drive, Giddings, Texas 78942, or wherever he may be found.  Defendant maintains a physical office in this judicial district, and Defendant's office is a regular and established place of business.

## II.    NATURE OF ACTION, JURISDICTION AND VENUE

4.    This is an action for (a) patent infringement arising under the Patent Laws of the United States, 35 U.S.C. §§ 271, *et seq.*; and (b) breach of contract.  The state law claims are substantially related to the claims arising under federal law; and as a result, this Court has ancillary jurisdiction over those claims.

5.    This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331, 1338(a) and 1367 because this is an action for patent infringement.  This court has the power to resolve the related state law claims under principles of pendent, supplemental and/or ancillary jurisdiction.

6.    The Court has specific and general personal jurisdiction over Defendant.

7.    Venue is proper in this judicial district pursuant to 28 U.S.C. §§ 1391(b), 1391(c), 1400(a) and/or 1400(b).   Defendant Pruitt Production has transacted business in this judicial district, and has directly and indirectly committed and/or induced acts of patent infringement in this district.  Defendant Pruitt Production has a physical regular and established place of business in this district.   Additionally, Bacon is the owner of the U.S. Patent No. 10,584,873 (the "'873 Patent"), and he resides in the Western District of Texas.  DBI has a physical regular and established place of business in the Western District of Texas.  The inventor developed and

invented the patented subject matter in the Western District of Texas, and Bacon and DBI commercialized the patented subject matter in the Western District of Texas.

### III.    FACTUAL BACKGROUND

8.    Plaintiff DBI has been involved in the design, development, and manufacture of flare ignition equipment systems since 1994.  DBI has spent considerable resources researching, developing, and commercializing certain technology, manufacturing, and fabricating techniques related to flare gas apparatuses.

9.    In October 2018, Defendant represented to Plaintiffs that Defendant was interested in evaluating the possibility of entering into a business relationship with DBI involving DBI's technology and/or DBI's products.  Defendant expressed an interest in becoming a distributor for DBI's products.   Plaintiff DBI recognized that Defendant would need and have access to confidential and proprietary information about DBI's flare ignition equipment systems and technology and its business.  Therefore, DBI requested that Defendant sign a Nondisclosure Agreement ("NDA"), and the NDA included numerous clauses to protect DBI's information. Defendant signed the NDA on October 8, 2018.  A true and correct copy of the Nondisclosure Agreement is attached as Exhibit A and incorporated herein by reference.

10.    The NDA at Paragraph 2 prohibits Defendant from (1) using DBI's Confidential Information for any purpose other than for the purpose of the NDA; (2) making any copies of DBI's Confidential Information except as necessary to properly review the Confidential Information within the purpose of the NDA; and (3) limiting access to DBI's Confidential Information within Defendant and its affiliates to only those employees who have a need to know the Confidential Information for purposes of the NDA.  Exhibit A at ¶ 2, page 2.  The obligations of the Defendant under the NDA with regard to the Confidential Information continues until five (5) years after the Effective Date.

11.    Paragraph 1 of the NDA defined "Confidential Information" as follows:

"[A]ll information and materials of DBI (including without limitation any and all tests, data, business and/or marketing models, financial projections, demonstrations, reports, videos, photographs, drawings, tooling, manufacturing techniques, fabrication techniques, designs, software, printed materials, equipment and prototypes) related to DBI Technology disclosed to or otherwise made available to [Defendant] by DBI, including, without limiting the foregoing, any such information that DBI makes available to the [Defendant] through any third party or third parties under confidentiality for that information to DBI, and which concerns DBI Technology and/or DBI Products (including developments thereto and testing thereof), Confidential Information and DBI's businesses and operations.

The NDA defined "DBI Technology" as DBI's technology, manufacturing, and fabricating techniques, and concepts.  Exhibit A, page 1.  "DBI Products" was defined as DBI's flare gas apparatuses.  Exhibit A, page 1.

12.    The NDA at Paragraph 7 includes the following language related to remedies available to DBI:

[Defendant] acknowledges and stipulates that the Confidential Information of DBI is an important asset of DBI and that DBI has no adequate remedy at law for a breach by [Defendant] of the obligations concerning the Confidential Information under [the NDA] and will suffer irreparable harm as a result of such a breach; [Defendant] agrees that DBI shall be entitled to equitable relief, including temporary and permanent injunctive relief, without the obligation of posting a bond (cash or otherwise), in the event of actual or threatened unauthorized disclosure or use of Confidential Information in breach of [the NDA].

Exhibit A at ¶ 7, page 4.

13.    In Paragraph 5 of the NDA, Defendant acknowledged that the DBI Technology and DBI Products is owned by Plaintiff DBI, and Defendant agreed that no license or other right to use Plaintiff DBI's Confidential Information and/or DBI Technology had been granted to Defendant.

14.    Plaintiff DBI provided confidential and proprietary information to Defendant so that the parties could explore a possible business relationship.  The discussions ended, and the Parties did not pursue any further discussions regarding Defendant becoming a distributor for

4

Plaintiff DBI's products.  However, Defendant had no intention of honoring its obligations under the NDA.  Defendant entered into discussions with Plaintiffs for the express purpose of obtaining and exploiting Plaintiff DBI's confidential, proprietary and business sensitive information. Defendant now makes, manufactures, distributes, and/or sells a gas flaring assembly in direct competition with the DBI flare gas assembly.

## IV.   PATENT-IN SUIT

15.   On March 10, 2020, the U.S. Patent No. 10,584,873 (the "'873 Patent"), entitled "Flare Gas Assembly", was issued by the United States Patent and Trademark Office.  Bacon is the owner of the '873 Patent.  A true and correct copy of the '873 Patent is attached as Exhibit B and incorporated herein by reference.  The '873 Patent covers a flare gas assembly and the method of operation thereof.  The invention relates to flares burning waste gas and more particularly to a flare gas assembly for burning first and second flare gases, for example high pressure and low pressure flare gases.

16.   Bacon is the valid owner of all rights, title, and interest in the '873 Patent, including all rights to enforce and prosecute actions for infringement and to collect damages for all relevant times against infringers of the '873 Patent.  Accordingly, Bacon possesses the exclusive right and standing to prosecute the present action for Defendant's infringement of the '873 Patent.

## V.   CAUSES OF ACTION

### COUNT I:  PATENT INFRINGEMENT

17.   Plaintiffs refer to and incorporates herein the allegations of Paragraphs 1 through 16 above.

18.     Defendant directly or through intermediaries distributes, provides, supplies, offers for sale, sells, markets, advertises, distributes, and otherwise provides flare gas assembly products and systems that infringe at least Claim 15 of the '873 Patent.

19.     Defendant has directly infringed, and is directly infringing, one or more claims of the '873 Patent in this judicial district, in the State of Texas, and elsewhere in the United States. Defendant makes, uses, sells, and offers for sale equipment that directly infringes at least Claim 15 of the '873 Patent.

20.     Representative Claim 15 of the '873 Patent is recited as follows:

A flare gas assembly, comprising:

an air pipe having an upper open end;

a first conduit in encircling relationship to said air pipe and having a first conduit upper open end, a first annular space being formed between said air pipe and said first conduit;

a second conduit in encircling relationship to said first conduit, said second conduit having a second conduit upper open end, a second annular space being formed between said first conduit and said second conduit;

said second conduit upper open end extending above said upper open end of said air pipe and said first conduit upper open end; and

a blower connected to said air pipe to provide air to said air pipe at a desired flow rate.

Exhibit B, Claim 15, '873 Patent.

21.     Defendant makes, uses, sells, and offers for sale a "flare gas assembly", as recited in Claim 15 of the '873 Patent.  Defendant's flare ignition equipment satisfies the preamble of Claim 15 of the '873 Patent.

22.     Defendant's flare gas assembly products include "an air pipe having an upper open end", as recited in Claim 15 of the '873 Patent.  Defendant's flare gas assembly products satisfy the "air pipe having an open end" element recited in Claim 15 of the '873 Patent.

23.     Defendant's flare gas assembly products include a "a first conduit in encircling relationship to said air pipe and having a first conduit upper open end, a first annular space being formed between said air pipe and said first conduit," as recited in Claim 15 of the '873 Patent. Defendant's flare gas assembly products satisfy the "first conduit in encircling relationship to said air pipe and having a first conduit upper open end, a first annular space being formed between said air pipe and said first conduit" element recited in Claim 15 of the '873 Patent.

24.     Defendant's flare gas assembly products include "a second conduit in encircling relationship to said first conduit, said second conduit having a second conduit upper open end, a second annular space being formed between said first conduit and said second conduit", as recited in Claim 15 of the '873 Patent.  Defendant's flare gas assembly products satisfy the "second conduit in encircling relationship to said first conduit, said second conduit having a second conduit upper open end, a second annular space being formed between said first conduit and said second conduit" element recited in Claim 15 of the '873 Patent.

25.     Defendant's flare gas assembly products include the "said second conduit upper open end extending above said upper open end of said air pipe and said first conduit upper open end", as recited in Claim 15 of the '873 Patent.   Defendant's flare gas assembly products satisfy the "said second conduit upper open end extending above said upper open end of said air pipe and said first conduit upper open end," element recited in Claim 15 of the '873 Patent.

26.     Defendant's flare gas assembly products include "a blower connected to said air pipe to provide air to said air pipe at a desired flow rate", as recited in Claim 15 of the '873 Patent.

Defendant's flare gas assembly products satisfy the "a blower connected to said air pipe to provide air to said air pipe at a desired flow rate" element recited in Claim 15 of the '873 Patent.

27.     Defendant's flare gas assembly products satisfy each and every element of Claim 15 of the '873 Patent and therefore directly and literally infringe Claim 15 of the '873 Patent.

28.     Defendant has infringed, and is infringing, either literally or under the doctrine of equivalents, without the consent or authorization of Plaintiff Bacon, by making, using, offering for sale, selling, and /or leasing the accused instrumentalities.  Defendant has engaged in these activities within this judicial district, the State of Texas, and elsewhere in the United States, without the consent of Plaintiff Bacon.

29.     Defendant also infringes under 35 U.S.C. § 271 (b) and (c) by inducing and/or contributing to infringement of the '873 Patent in this judicial district, the State of Texas, and elsewhere in the United States, literally or under the doctrine of equivalents, by, among other things, performing certain steps of the methods and systems claim by the '873 Patent, and advising, encouraging, contributing, or otherwise inducing others to perform the remaining steps claimed by the '873 Patent to the injury of Plaintiff Bacon.

30.     At least as of the time of filing this Complaint, Defendant has notice of the '873 Patent.  At least as of the time of filing this Complaint, Defendant knew of the '873 Patent and specifically intended that others infringe at least Claim 15 of the '873 Patent.

31.     Defendant is willfully and intentionally infringing the '873 Patent.

32.     Defendant's activities have been without authority and/or license from Plaintiff Bacon.

33.     Plaintiff Bacon is entitled to recover from Defendant the damages sustained by Bacon as a result of Defendant's infringing conduct, which, by law, cannot be less than a

reasonable royalty, together with interest and costs as fixed by this Court under 35 U.S.C. § 284. Plaintiff Bacon requests compensation for Defendant's past infringement and for any future infringement.

34.    Defendant's unlawful infringement of the '873 Patent has caused immediate and irreparable injury, and unless it is enjoined, its continued infringement will cause Bacon injury for which there is no adequate remedy at law.

### COUNT II: BREACH OF CONTRACT - NDA

35.    Plaintiffs refer to and incorporate herein the allegations in Paragraphs 1 through 34 above.

36.    Defendant entered into the NDA which is a valid and enforceable contract. Plaintiff DBI performed or tendered performance under the NDA by providing and allowing Defendant temporary access to and use of Plaintiff DBI's confidential, proprietary, and/or business-sensitive information relating to DBI's business and its technology, manufacturing and fabricating techniques, and concepts.

37.    Defendant violated numerous provisions of the NDA, including the following:

- It used information disclosed by Plaintiff DBI under the NDA without permission in violation of Paragraphs 2 and 5;

- It disclosed information provided by Plaintiff DBI under the NDA without permission in violation of Paragraphs 2 and 5;

- It has manufactured, marketed, used, sold and distributed products and processes that include features, designs, technical information and other information disclosed under the NDA in violation of Paragraphs 2 and 5;

- It has used Plaintiff DBI's customer, marketing, and business information to market, sell, and distribute its own flare gas assembly products and processes in violation of Paragraphs 2 and 5; and

- It failed to return or destroy all information disclosed by Plaintiff DBI under the NDA in violation of Paragraph 6.

38.    As a result of the Defendant's breaches of the NDA, Plaintiff DBI suffered, and continues to suffer irreparable harm, as well as economic and non-economic damages.

39.    As a consequence of the Defendant's breaches of the NDA, Plaintiff DBI was required to retain the services of counsel.  Pursuant to TEX. CIV. PRAC. & REM. CODE § 38.001, *et seq.*, Plaintiff DBI is entitled to its reasonable attorneys' fees incurred in the prosecution of this matter, including fees incurred through any and through all appeals.

## VI.    JURY TRIAL

40.    Pursuant to Fed. R. Civ. P. 38 and 39, Plaintiffs hereby demand a trial by jury.

## VII.    PRAYER

WHEREFORE, Plaintiffs David Bacon Incorporated d/b/a D.B.I. and David Bacon, Individually, pray that the Court grant the following relief against Defendant Pruitt Production Services, Inc.:

A.    Judgment in favor of Plaintiffs David Bacon Incorporated d/b/a D.B.I. and David Bacon, Individually, and against Defendant Pruitt Production Services, Inc.;

B.    Preliminary and permanent injunctions, enjoining Defendant Pruitt Production Services, Inc., and those in privity with or acting in concert with it from further infringement of the '873 Patent during the remaining the term of the patent in suit;

C.    Preliminary and permanent injunctions, enjoining Defendant Pruitt Production Services, Inc., and those in privity with or acting in concert with it from the use, retention, communication, and/or disclosure of Plaintiff David Bacon Incorporated d/b/a/ D.B.I.'s confidential, proprietary, and/or business-sensitive information in violation of the Nondisclosure Agreement;

D.      Damages against Defendant Pruitt Production Services, Inc., adequate to compensate David Bacon for such acts of infringement;

E.      Damages adequate to compensate Plaintiff David Bacon Incorporated d/b/a D.B.I. for breach of the Nondisclosure Agreement;

F.      Reasonable attorneys' fees in accordance with 35 U.S.C. § 285 and TEX. CIV. PRAC. & REM. CODE § 38.001, *et seq.*;

G.      Judgment that Plaintiff Bacon is entitled to an award of enhanced damages under 35 U.S.C. § 284 to be increased at the discretion of the trial court up to three times the damages found;

H.      Award of pre-judgment and post-judgment interest and costs; and

I.      Such other and further relief as is just and proper.

Respectfully submitted

ANDERSON & CUNNINGHAM, P.C.

*/s/David K. Anderson*
David K. Anderson
david@andersonlawfirm.com
SBT No. 01174100
SDT No. 7405
Four Houston Center
1221 Lamar, Suite 1115
Houston, Texas 77010
Telephone: 713-655-8400
FAX: 713-655-0260
**ATTORNEYS FOR PLAINTIFFS**